UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-mj-02120-Reid

UNITED STATES OF AMERICA

vs.

MANUEL REGUIERA and
ANDERSEN RABEL,

      Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? __ Yes _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? __ Yes _X_ No

                                          Respectfully submitted,

                                          JUAN ANTONIO GONZALEZ
                                          UNITED STATES ATTORNEY

                          By:   /s/ Karla Albite
                                KARLA ALBITE
                                Assistant United States Attorney
                                Court ID No.: A5502593
                                99 N.E. 4th Street
                                Miami, Florida 33132
                                E-mail: Karla.Albite@usdoj.gov
                                Telephone: (305) 961-9268
                                Fax: (305) 536-4699

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>MANUEL REGUIERA and<br>ANDERSEN RABEL,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 1:22-mj-02120-Reid<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____November 16, 2021_____ in the county of _____Miami-Dade_____ in the
_____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(d) | Possession of an Unregistered Firearm |
| 26 U.S.C. § 5861(e) | Unlawful Transfer of a Firearm |
| 18 U.S.C. § 922(b)(5) | Failure by Federally Licensed Dealer to Keep Proper Records |
| 18 U.S.C. § 922(m) | Failure to Keep Proper Records by a Firearms Dealer |
| 18 U.S.C. § 922(t)(1) | Failure to Conduct Required Background Checks |
| 18 U.S.C. § 371 | Conspiracy |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Grzegorz A. Bitner, ATF Special Agent
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by _FaceTime_

Date: 1/26/2022

*Judge's signature*

City and state: _____Miami, Florida_____     Honorable Lisette M. Reid, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Grzegorz A. Bitner, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Titles 18 and 26 of the United States Code.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") and have been so since February 2019. I am currently assigned to the High Intensity Drug Trafficking Area ("HIDTA") Task Force in Miami, Florida. I have received training and participated in investigations related to firearms, narcotics, violent crimes, and violent criminal street organizations that distribute narcotics. As a Special Agent for ATF, I am familiar with investigations of a variety of federal offenses, including violations of the Gun Control Act ("GCA"), Title 18, Chapter 44, of the United States Code, and the National Firearms Act ("NFA"), Title 26, Chapter 53, of the United States Code.

3. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint against MANUEL REGUIERA ("REGUIERA") and ANDERSEN RABEL ("RABEL"), for the following offenses: possession of an unregistered firearm, that is, machineguns and/or silencers, in violation of Title 26, United States Code, Section 5861(d); and unlawful transfer of a firearm, that is, machineguns and/or silencers, in violation of the Title 26, United States Code, Section 5861(e). Additionally, REGUIERA and RABEL, in violation of Title 18, United States Code, Section 371, did knowingly combine, conspire, confederate, and agree with each other and others unknown to commit certain offenses, that is:

1

possession of an unregistered firearm, that is, machineguns and/or silencers, in violation of Title 26, United States Code, Section 5861(d); unlawful transfer of a firearm, that is, machineguns and/or silencers, in violation of the Title 26, United States Code, Section 5861(e); failure by a federally licensed dealer to keep proper records, in violation of Title 18, United States Code, Section 922(b)(5); failure to keep proper records by a firearms dealer, in violation of Title 18, United States Code, Section 922(m); and failure to conduct required background checks, in violation of Title 18, United States Code, Section 922(t)(1) (collectively, the "SUBJECT OFFENSES").

4. The statements contained in this affidavit come from my personal observations, my training and experience, and my review of documents and information obtained from other agents and witnesses. I have not included in this affidavit each and every fact and circumstance known to me, but only the facts and circumstances sufficient to establish probable cause.

## PROBABLE CAUSE

### Federal Firearms Records

5. A Federal Firearms License is a license required by Title 18, United States Code, Section 923 that enables an individual or company to engage in the business of manufacturing, importing, or dealing in firearms. A Federal Firearms Licensee ("FFL") is required to complete and maintain records concerning the receipt, sale, and transfer of firearms, which are subject to inspection and examination by the government. FFLs are also required to record and report to the ATF the sale of multiple firearms to a single person.

6. Title 27, Code of Federal Regulations, Chapter II, Part 478.125 requires FFLs to maintain Acquisition and Disposition records ("A&D records"). The A&D record is a log of every

2

firearm a FFL receives into inventory, such as a purchase (an acquisition), and every firearm removed from inventory, such as a sale (a disposition).

7. Title 18, United States Code, Sections 922(b)(5) and 922(m), make it unlawful for an FFL to knowingly fail to make appropriate records, as required by law.

### ATF Form 4473 and Required Background Checks

8. Before a FFL can sell or transfer a "firearm" as defined by the GCA to any person, the FFL is required to complete ATF Form 4473, which is a Firearms Transaction Record. *See* 18 U.S.C. § 923(g); 27 CFR 478.124

9. By completing ATF Form 4473, the FFL is certifying, amongst other items, that the buyer or transferee is the actual buyer or transferee of the firearm, that the true identity of the buyer or transferee has been verified, and that a background check was performed.

### National Firearms Act

10. The National Firearms Act ("NFA") is a comprehensive taxing scheme that regulates the manufacture, sale, and transfer of certain dangerous and concealable weapons that are specifically set forth in Title 26 of the United States Code, and includes firearms such as machineguns, machinegun conversion devices, and silencers. *See* 26 U.S.C. §§ 5845(a)(6)-(7), (b).

11. Under the NFA, a manufacturer, importer, or dealer of a covered firearm is required to register with ATF, pay an occupational excise tax, and register each covered firearm with ATF in the National Firearms Registration and Transfer Record ("NFRTR"). The maker or subsequent transferor of a covered firearm is permitted to transfer the weapon only pursuant to the NFA, which requires that the maker or transferor identify itself, the firearm, and the transferee, and apply for and receive approval from ATF.

3

12. The maker or transferor of a covered firearm is required to pay a transfer tax for each firearm transferred.

13. Under the NFA, it is unlawful for any person to receive or possess a firearm that is not registered to him in the NFRTR.

### Miami Gun Shops Inc. ("Miami Gun Shops")

14. In March 2016, Miami Gun Shops was issued Federal Firearms License No. 1-59-025-07-2D-48760 as a Type-07, Manufacturer of Firearms Other than Destructive Devices, that is valid until April 2022. Miami Gun Shops possesses a current Special Occupational Tax ("SOT") stamp that allows Federal Firearms Licensed dealers to manufacture, import, and/or transfer NFA weapons.

15. This FFL business, with EIN Number 36-4826471, is registered with the State of Florida, Division of Corporations, as a domestic for-profit corporation and issued unique identifier P16000004719.

16. Manuel REGUEIRA is listed as the Registered agent and sole officer for the business. REGUEIRA is also documented with ATF as the owner and as a Responsible Person ("RP"). Andersen RABEL, along with another employee of Miami Gun Shops, is also documented as an RP. RPs have the authority and power to direct firearm compliance decisions and operations for an FFL. *See* 27 CFR § 555.11.

### The Transfer of Suspect Firearms

17. On or about September 30, 2021, law enforcement arrested several individuals involved with the possession and sale of "switches" and other machinegun conversion devices, in violation of the NFA. A machinegun conversion device, such as a "switch," is a device that, when inserted into a firearm, manipulates the trigger bar and holds the bar down, so that the trigger

4

mechanism is bypassed and the firearm is allowed to shoot more than one round of ammunition with one pull of the trigger. See 26 U.S.C. § 5845(b). One of the individuals arrested, Cooperating Defendant-1 ("CD-1"), in a post-*Miranda* interview, provided information regarding the source of the switches. CD-1 stated that CD-1 and an unindicted co-conspirator ("UI-1") bought switches from the owner of Miami Gun Shops. CD-1 stated that he knew this individual as "Manny."

18.     Law enforcement identified "Manny" as Manuel REGUEIRA, who is the owner of Miami Gun Shops.

19.     Law enforcement began investigating REGUEIRA. Beginning on or about October 8, 2021, an ATF Task Force Officer acting in an undercover capacity (the "UC") participated in a series of meetings with REGUEIRA at Miami Gun Shops to discuss purchasing firearms, including switches.[1]

20.     On October 21, 2021, the UC attempted to purchase switches from REGUEIRA. The UC entered Miami Gun Shops and met with REGUEIRA. The two engaged in a conversation about firearms parts, such as "80%" lower receivers.[2] During the conversation, REGUEIRA mentioned that he could obtain and sell to the UC complete lower receivers—that is, lower receivers that are 100% drilled out and thus considered "firearms" under the GCA—and indicated

---

[1] As the affidavit reflects, a series of meetings and controlled calls were held between CD-1 and/or the UC with REGUIERA and his employees. All of these meetings were audio and/or video recorded.

[2] Firearms consist of many parts. The "receiver" is the portion of the gun which provides housing for the hammer, bolt or breechblock, and firing mechanism—all the major parts of a gun. See 27 CFR § 478.11. Some guns, such as semi-automatic pistols, have a two-part receiver. The "upper receiver" is the top part of the receiver, and generally where the barrel attaches. The "upper receiver" does not meet the definition of "firearm" under the GCA. The "lower receiver" is the lower part of the receiver and usually where the trigger mechanism attaches. Where the "lower receiver" is at least 81% drilled out, it meets the definition of "firearm" under the GCA.

5

to the UC that he should not ask too many questions. The UC and REGUEIRA agreed to meet the following week to purchase the complete lower receivers. The UC then purchased various firearm components and paid REGUEIRA $1,570 in law enforcement funds. REGUEIRA did not provide receipts to the UC after the cash purchase.

21. On November 16, 2021, at approximately 3:22 p.m., the UC entered Miami Gun Shops and made contact with REGUEIRA. REGUEIRA escorted the UC to the back of Miami Gun Shops. There, REGUEIRA and the UC discussed firearm parts, including triggers and receivers. The UC observed REGUEIRA holding a lower receiver that, based on the UC's training and experience, appeared to be complete.



23. The five AR-style pistols are classified as "firearms" under the GCA. As such, REGUEIRA (who is an FFL) is required to complete ATF Form 4473. At no point during this transaction (or any past transaction) did REGUEIRA ask the UC for identification or identifying

6

information, which would be necessary to complete ATF Form 4473 and to initiate a background check. Moreover, none of the five purchased firearms had serial numbers.

24. The UC then asked REGUEIRA about the "little things for the Glocks," referring to switches. REGUEIRA asked the UC to give him some time because "they're hard to get." REGUIERA explained that he had stopped selling them because "you guys were doing way too many." REGUEIRA then stated, "I have fifty coming soon" and told the UC to call him weekly but not to "talk too much on the phone."

25. The UC returned to Miami Gun Shops on January 11, 2022. After making contact with REGUEIRA, REGUEIRA escorted the UC to the back of the store and displayed to the UC what appeared to be a silencer. REGUEIRA began disassembling the suspected silencer while describing the components that enabled it to be used on semi-automatic weapons.

26. At one point, the UC observed several completed rifles hanging inside a caged area. REGUEIRA stated that the completed rifles would require completion of the ATF Form 4473. The UC declined, and REGUEIRA offered to assemble rifles for the UC from lower receivers that were located in the bottom drawer of a storage cabinet. The UC, who observed the lower receivers, believed they had already been drilled out and thus were complete.

27. REGUEIRA then stated to the UC that he had five "complete" firearms that he could build for the UC in one hour, and that they would be $1,500 dollars each. The UC understood that REGUEIRA was offering to transfer fully automatic firearms. The UC told REGUEIRA that he would call to let him know how many of the firearms he wanted. REGUEIRA suggested using the code word "Toyota" to refer to the firearms over the phone. The UC purchased two suspected silencers, for which REGUEIRA accepted $1,000 in law enforcement funds. REGUEIRA did not ask the UC for any identification and did not provide receipts to the UC after the cash purchase.

7

28. The ATF Firearms and Ammunition Technology Branch ("FATD") provided a determination that the silencers purchased by the UC were consistent with being classified as functional silencers under the NFA. *See* 26 U.S.C. § 5845(a)(7); 18 USC § 921(a)(24). As such, REGUEIRA (who is an FFL) is required to complete ATF Form 4473. At no point during this transaction (or any past transaction) did REGUEIRA ask the UC for identification or identifying information, which would be necessary to complete ATF Form 4473 and to initiate a background check. Moreover, the silencers did not have serial numbers, which is required by the NFA. *See* 26 U.S.C. § 5861(i).

29. Later, at approximately 4:11 p.m., on January 11, 2022, the UC placed a call to REGUEIRA at Miami Gun Shops. The UC asked REGUEIRA if he had three "Toyota Camry's," using the previously discussed code word for the fully automatic rifles. REGUEIRA responded in the affirmative and asked how long. The UC told REGUEIRA that he would be there in about thirty to forty minutes. The UC also stated to REGUEIRA that he did not want them to be "stick-shift" and needed them to be "automatic." REGUEIRA responded, "yea, I got you."

30. At approximately 5:45 p.m. that same day, the UC again entered Miami Gun Shops. A couple minutes later, REGUEIRA motioned for the UC to follow him to the back of the store. REGUEIRA presented one of the suspected automatic rifles to the UC. The UC manipulated the firearm and was able to move a selector switch into various positions. The selector switch allows a user to switch between full-automatic and semi-automatic modes. The UC then handed the firearm back to REGUEIRA, who wrapped the firearm in brown paper. The UC repeated this process for the other two firearms.

8

31. The UC gave REGUEIRA $4,500 in law enforcement funds for the purchase of the three suspected machineguns (pictured below). REGUEIRA did not ask the UC for identification and did not provide receipts to the UC after the cash purchase.



32. The suspected machineguns were sent to FATD for testing. FATD confirmed that the three suspected machineguns are in fact fully automatic Short Barreled Rifles ("SBRs"), which meet the definition of "firearm" under the NFA and thus makes them subject to the requirements of the NFA. As such, REGUEIRA (who is an FFL) is required to complete ATF Form 4473. At no point during this transaction (or any past transaction) did REGUEIRA ask the UC for identification or identifying information, which would be necessary to complete ATF Form 4473 and to initiate a background check. Moreover, none of the three SBRs had serial numbers.

33. While conducting the sale of the suspected machineguns, at approximately 5:51 p.m., while the UC was still in the store, REGUEIRA received a phone call to his cellular phone, which he placed on speaker. REGUEIRA can be heard speaking to a male about a gun show.

After the call terminated, the UC inquired about switches, and REGUEIRA told the UC, "that's the guy," referring to the male he was just talking to on the phone. The UC stated that he has people looking for switches, and REGUEIRA replied, "you can't complain because I gave you guys like fucking fifty of those." Based on a conversation with the UC, I understood REGUEIRA to be referring to transactions involving CD-1 and other unindicted co-conspirators.

34. On January 21, 2022, the UC entered Miami Gun Shops and made contact with Andersen RABEL, an employee. The UC inquired as to the whereabouts of REGUEIRA. RABEL informed the UC that REGUEIRA was in Las Vegas. Using what is believed to be RABEL's personal cell phone, RABEL called REGUEIRA on his cell phone and stated that "Rod" was in the shop. "Rod" is the UC's undercover name. RABEL then gave his cell phone to the UC, and the UC engaged in conversations with REGUEIRA. The UC stated to REGUEIRA, in the presence of RABEL, that he wanted to purchase "soda cans," which is a slang term for silencer. The UC then handed the cell phone back to RABEL, who spoke with REGUEIRA and stated, "I'm taking him to the back." RABEL then stood up and waved to the UC to follow him to the back of the shop.

35. RABEL escorted the UC to the back of the store, and another employee ("Employee 1") stated to the UC that he was not allowed in the back area. RABEL responded that it was okay because he spoke to REGUEIRA. RABEL then asked Employee 1 where the brown bag was, and Employee 1 pointed to the workshop area of the back of the shop. RABEL grabbed a brown bag from an upper shelf in the workshop area, and pulled out a suspected silencer. RABEL stated to the UC, "five hundred a piece"—the same price REGUEIRA set for the silencers on January 11, 2022. RABEL then proceeded to take out three more suspected silencers from the brown bag and placed them on the table. The UC handed RABEL $2,000 in law enforcement funds for the

10

purchase of four suspected silencers. RABEL did not provide receipts to the UC after the cash purchase and did not ask for any identification.

36. The four suspected silencers purchased on January 21, 2022, were sent to FATD for testing and examination on January 24, 2022. Though results are pending, based on my training and experience, the four suspected silencers appear to be functional silencers. In fact, they are identical to the two silencers purchased on January 11, 2022, that FATD already determined to be functional silencers. Moreover, none of the four suspected silencers had serial numbers.

## CONCLUSION

37. Based on the above facts, I respectfully submit that there is probable cause to support a criminal complaint against MANUEL REGUIERA and ANDERSEN RABEL for the SUBJECT OFFENSES.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Grzegorz A. Bitner, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Attested to by the applicant in accordance with the requirements of
Fed. R. Crim. P. 4.1 by FaceTime this __26th__ day of January 2022.

HONORABLE LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

11

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America
v.

MANUEL REGUIERA and
ANDERSEN RABEL,

*Defendant*

)
)
) Case No. 1:22-mj-02120-Reid
)
)
)
)

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* MANUEL REGUIERA,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d)
Unlawful Transfer of a Firearm, in violation of 26 U.S.C. § 5861(e)
Failure by Federally Licensed Dealer to Keep Proper Records, in violation of 18 U.S.C. § 922(b)(5)
Failure to Keep Proper Records by a Firearms Dealer, in violation of 18 U.S.C. § 922(m)
Failure to Conduct Required Background Checks, in violation of 18 U.S.C. § 922(t)(1)
Conspiracy to Commit Violations of Federal Laws, in violation of 18 U.S.C. § 371

Date: 1/26/2022

*Issuing officer's signature*

City and state: Miami, Florida

Hon. Lisette M. Reid, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |
| _____ *Arresting officer's signature* |
| _____ *Printed name and title* |

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.

*(Not for Public Disclosure)*

Name of defendant/offender: MANUEL REGUIERA
Known aliases: "Manny"
Last known residence: 8281 SW 28th St, Miami, Florida
Prior addresses to which defendant/offender may still have ties: _____

Last known employment: Miami Gun Shops Inc. (owner), in Doral, Florida
Last known telephone numbers: 305-970-8483
Place of birth: Florida, USA
Date of birth: 08/20/1971
Social Security number: 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
Height: 5'6    Weight: Approx. 200lbs
Sex: Male    Race: White
Hair: Black    Eyes: Brown
Scars, tattoos, other distinguishing marks: Unknown

History of violence, weapons, drug use: History of possession and sale of illegal machineguns

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: 824935FD5
Complete description of auto: Black Hummer H2, Dark Matte Gray Chevy Suburban (Batman sticker on rear window)

Investigative agency and address: ATF - 11200 NW 20th Street, Suite 103, Miami, Florida 33172

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:22-mj-02120-Reid

### BOND RECOMMENDATION

DEFENDANT: MANUEL REGUIERA

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)


By: *Karla Albite*
AUSA:   Karla Albite


Last Known Address: 8281 SW 28th Street

Miami, Florida


What Facility:


Agent(s):   Grzegorz A. Bitner (ATF)
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)